## Richmond

G. L. Cline and Son, Inc., and Aetna Casualty and Surety Company v. Cavalier Building Corporation and Paul D. Woodward.

January 15, 1973.

Record No. 7976.

Present, All the Justices.

*J. Stanley Livesay, Jr. (Babb, Oast and Livesay,* on brief), for plaintiffs in error.

*Calvin W. Breit; Charles A. McDuffie (Breit, Rutter, Montagna & Carter,* on brief), for defendants in error.

Harman, J., delivered the opinion of the court.

Cavalier Building Corporation (Cavalier) filed a motion for judgment against G. L. Cline and Son, Inc. (Cline), Paul D. Woodward (Woodward), and Aetna Casualty and Surety Company (Aetna), seeking damages for breach of contract in connection with the construction of a building for which Cline was the contractor, Woodward was the architect and Aetna was surety for Cline. The jury returned a $32,000 verdict against Cline and Aetna and found in favor of Woodward. The trial court entered judgment on the verdict. We granted a writ of error.

Cavalier's motion for judgment alleged that the defendants had breached the contract by constructing the building so that it violated

the building setback line imposed on the property by the restrictive covenants. Cavalier further alleged that it had suffered a loss because this breach damaged the marketability of title to the property.

Cline and Aetna made several assignments of error but a threshold question is decisive. This question is whether there is a violation of the restrictive covenants.

Early in 1965 Cavalier negotiated an agreement with the City of Norfolk (City) to purchase a lot at the corner of Kingwood Avenue and Village Avenue in the Norfolk Industrial Park. This contract was frequently referred to in the evidence but was not introduced at trial. During the negotiations the City provided Cavalier with a plat of the section of the industrial park showing the lot and a copy of the restrictions which the City intended to impose on the property. These restrictions included a twenty-five foot building setback line along Kingwood Avenue and a fifteen foot building setback line on the side property line. Testimony establishes that the City, in order to prevent speculative buying of property in the industrial park, would not convey property there until construction had commenced.

Cavalier began site preparation to build a warehouse and showroom on the property. Woodward was employed as the architect and Cline was employed to construct the building. Woodward was aware of the setback requirement but the evidence is conflicting on whether Cline was aware of it. On November 9, 1965, a foundation permit was issued by the City to T. H. Callow Construction Company, who performed fill work on the site. On April 1, 1966, a building permit was issued to Cline. In addition to approval of the plans for the site and building by the building inspector's office, approval by the Industrial Park Commission was also required for building in the industrial park. The building inspector's office approved the plans and they were subsequently approved by the Commission.

By a deed dated April 18, 1966, and acknowledged April 27, 1966, the property was conveyed to Cavalier. The deed was recorded on April 28, 1966, at which time the footings had been completed and the block walls were partially erected. The deed provided in part:

"The property herein conveyed is subject to the restrictions as are contained in a certain deed dated August 17, 1959, between the City of Norfolk and Le-Sar Realty Corporation . . . just as though

the same were set forth herein at length, which conditions and restrictions shall run with the land."

Additionally the deed states:

"For a more complete description of the property described herein, reference is made to a plat ... to be recorded simultaneously herewith."

The plat shows a twenty-five foot building setback on Kingwood Avenue.

The deed to Le-Sar provided:

"The property conveyed herein is subject to the following conditions and restrictions:

\* \* \*

"(6) Buildings and improvements permitted herein shall not be erected nearer to any street than the building line shown on the attached plat, or nearer than fifteen (15') feet to any side property line ...."

A survey in November, 1966, revealed the Cavalier building extended beyond the twenty-five foot setback by ten inches on one end and three and one-half feet on the other.

Samuel W. McGann, Jr., an Assistant City Attorney for the City who handled property transfers for the industrial park, testified on cross-examination by Cavalier that there was no master plat as such for the park. The property was laid out at the time of each individual sale to meet the requirements of the particular buyer. McGann also stated there were some restrictions to be imposed on the entire park set out in the Le-Sar deed but the Cavalier site was not included in the plat put to record with the Le-Sar deed.

With respect to building setback lines, on direct examination Mr. McGann stated "each deed was accompanied by a plat showing the property in that block and the setback lines were established by each individual plat."

The trial court held as a matter of law that the building violated the setback line along Kingwood Avenue. We do not agree. While there is no doubt this setback line is now in effect, Cavalier failed to prove the restrictions were in effect at the time the footings and walls of the building were erected.

Cavalier asserts that the Le-Sar deed created a common plan for the development of the industrial park so that the restrictions set forth in the Le-Sar deed were in force on the Cavalier property at the time construction was commenced.

In *Minner* v. *City of Lynchburg*, 204 Va. 180, 129 S.E.2d 673 (1963), we recognized that a general scheme of development may be established when a common grantor pursues a course of conduct which indicates that he intends to inaugurate a general scheme of improvement for the benefit of himself and the purchasers of the various lots. If, by numerous conveyances, he inserts in the deeds substantially uniform restrictions, conditions and covenants affecting the use of the property, the grantees acquire, by implication, an equitable right to enforce similar restrictions against that part of the tract retained by the grantor or subsequently sold without restriction to a person with actual or constructive notice of the restrictions and covenants.

However, the evidence here reveals no such common scheme regarding setback lines along the streets in the industrial park. The plat attached to the Le-Sar deed did not include the Cavalier property. The evidence shows that the lots were laid out to meet the requirements of the individual purchaser and that the setback line on the Cavalier lot was imposed by the plat attached to the deed.

As between the City and Cavalier the record does not establish an intention to make the restrictive covenants effective before the conveyance of the property. The City, owner of the property when construction was commenced, allowed the building to proceed with its apparent approval. While the secretary-treasurer of Cavalier testified the company was given a plat and a list of restrictions during negotiations with the City, neither these documents nor the contract of sale were introduced into evidence. No other evidence establishes when these restrictions were to become effective.

The attorney who handled these transactions for the City testified that the practice was to attach the plat showing the building setback lines to the deed. The deed to Cavalier indicates it is the instrument that puts the restrictions into effect. It specifically incorporates the restrictions set out in the Le-Sar deed and the plat showing the setback line on Kingwood Avenue. Thus, on the record as constituted, it appears the effective date of the restrictions is the date of delivery of the deed, on or about April 28.

The pertinent part of the restriction said to be violated is that "buildings and improvements permitted herein shall not be erected"

in violation of the setback line. This is a restriction against future construction, not a restriction against those buildings already erected. *Barrand* v. *Quinn*, 277 App.Div. 938, 98 N.Y.S.2d 1013 (1950), aff'd., 302 N.Y. 744, 98 N.E.2d 883 (1951). See also *Chesebro* v. *Moers*, 233 N.Y. 75, 134 N.E. 842 (1922). In *Chesebro*, the restriction was held applicable because it provided that no buildings be "erected or permitted" in violation of the covenant. This opinion, however, is consistent with and not in conflict with *Barrand* because of the difference in the language of the two covenants.

The construction of the building in the case at bar is shown to have been so far completed at the time the covenant was imposed as not to violate a restriction against future construction and we so hold.

In view of this holding it is unnecessary to consider the other assignments of error.

The judgment below against Cline and Aetna is set aside and final judgment in their favor will be entered here.

*Reversed and final judgment.*